IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-rj-00011-CBS

MARIE FRAIRE,

        Plaintiff,

v.

BORENSTEIN & ASSOCIATES, LLC f/k/a
SILVERMAN & BORENSTEIN,

        Defendant.

## ORDER

Magistrate Judge Craig B. Shaffer

The civil action comes before the court on Plaintiff's Motion, pursuant to Fed. R. Civ. P. 37(a)(3)(B), to Compel Answers to Plaintiff's Interrogatories and Requests for Production of Documents. Doc. 8.

This action began in December 2015 when Plaintiff registered a judgment entered against Defendant, and in favor of Plaintiff, by the United States District Court for the District of New Mexico. Doc. 1 (Default Judgment in Civ. Case No. 1:14-cv-00131-WJ-KK (D. N.M. Mar. 18, 2015)). On December 18, 2015, Plaintiff filed a Motion (Doc. 2) requesting permission to conduct a Judgement Debtor Examination pursuant to Fed. R. Civ. P. 69(a)(2), which was granted by this court on December 21, 2015. Doc. 3 (ordering Judgement Debtor to appear with the requested documents and to answer questions regarding specific assets).

Plaintiff served Defendant with post-judgment written discovery requests, which included twenty (20) interrogatories and twenty-two (22) requests for production. Doc. 8-1. When

Defendant failed to respond, Plaintiff sent written correspondence to Defendant again demanding answers to its discovery requests. Doc. 8-2. Defendant also failed to respond to this letter. Doc. 8 at ¶ 4.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party may move to compel answers to interrogatories or responses to requests for production, provided the moving party has in good faith conferred or attempted to confer with the party resisting discovery. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) (ruling that where a party unfairly avoids discovery, recourse is a motion to compel under Rule 37). Failure to respond may subject the delinquent party to sanctions. *See* Fed. R. Civ. P. 37(d). Further, by failing to timely respond to the discovery requests, Defendant has waived all objections and cannot establish good cause to excuse its failure. Fed. R. Civ. P. 33(b)(4); *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496-97 (D. Kan. 1998) (stating that good cause requires "some showing of 'good faith of the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required") (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)).

According, IT IS ORDERED that:

1.    Plaintiff's Motion (Doc. 8) to Compel Answers to Plaintiff's Interrogatories and Requests for Production of Documents (filed April 4, 2016) is GRANTED.

2.    Defendant shall fully respond to Plaintiff's Interrogatories and Requests for Production of Documents on or before May 31, 2016. Any objections to the Interrogatories and Requests for Production of Documents are deemed waived.

3.    Failure to comply with this Order may result in additional sanctions being imposed.

DATED at Denver, Colorado, this 26th day of April, 2016.

BY THE COURT:

  *s/Craig B. Shaffer*
United States Magistrate Judge